STEFFLER *v.* UNITED STATES.

No. 14, Original. Decided May 3, 1943.

*Fred Steffler, pro se.*

Per Curiam.

In 1938 petitioner pleaded guilty, in the District Court for the Southern District of Indiana, to an indictment charging him with entering a state bank insured with the Federal Deposit Insurance Corporation, with intent to commit larceny, 50 Stat. 749, and was sentenced to fifteen years imprisonment. In 1942 he made a motion in that court to set aside the judgment of conviction on the grounds, among others, that the indictment did not state an offense against the United States and that he had been denied the assistance of counsel at the trial. The district court denied the motion without taking testimony or making findings of fact, and denied an application for rehearing. Petitioner lodged with the clerk of the district court a petition for leave to appeal to the circuit court of appeals in forma pauperis. The clerk returned this to him by letter, stating, "Under the law the petition to prosecute an appeal in forma pauperis should be submitted to the United States circuit court of appeals and not the district court. Therefore your motion for leave to appeal in forma pauperis and order thereon are returned herewith."

Petitioner then applied to the Circuit Court of Appeals for the Seventh Circuit for leave to appeal in forma pauperis, which court denied the application. He now seeks certiorari in this Court under § 262 of the Judicial Code, 28 U. S. C. § 377 (see *In re 620 Church Street Corp.*, 299 U. S. 24, 26; *Holiday* v. *Johnston*, 313 U. S. 342, 348, n. 2), upon a petition which sets up, among other alleged errors, the denial by the district court of his motion to set aside the judgment of conviction, and its refusal to entertain his application for leave to appeal in forma pauperis. He also asks to be permitted to proceed in forma pauperis in this Court.

It is evident on the face of the papers that petitioner has been unable to prosecute an appeal or to secure ap-

pellate review by reason of the refusal of the district court to entertain his application to appeal in forma pauperis and the denial of a like application by the circuit court of appeals. Appeal from the district court's order denying petitioner's motion to vacate the conviction is governed by § 8 (c) of the Act of February 13, 1925, 28 U. S. C. § 230, which requires that proper application be made for allowance of an appeal. *Wells* v. *United States,* 318 U. S. 257, 260, and cases cited. But petitioner's filing of a motion for leave to appeal with the clerk of the district court was a sufficient application, in view of the fact that an appeal may be allowed by either the district court or the district judge. *Ex parte Railroad Co.,* 95 U. S. 221, 227; *Alaska Packers Assn.* v. *Pillsbury,* 301 U. S. 174, 175–76. The district court declined to consider petitioner's application, apparently on the ground that the in forma pauperis statute required that his right to appeal as a poor person be determined by the circuit court of appeals instead of by the district court.

The Act of June 25, 1910, 36 Stat. 866, as amended, 28 U. S. C. § 832, granting the right to proceed in forma pauperis, provides that "Any citizen of the United States entitled to commence any suit or action, civil or criminal, in any court of the Unted States, may, upon the order of the court, commence and prosecute or defend to conclusion any suit or action, or an appeal to the circuit court of appeals . . ., including all appellate proceedings, unless the trial court shall certify in writing that in the opinion of the court such appeal is not taken in good faith, without being required to prepay fees or costs . . ." It is plain that under these provisions petitioner, being a poor person entitled to prosecute an appeal from the trial court to the circuit court of appeals, was authorized to apply to the district court for leave to appeal in forma pauperis and that it was the duty of the district court to entertain his application. See *Wells* v.

*United States, supra.* The statute authorizes the suit, including the appeal, to be prosecuted in forma pauperis upon order of the court in which the proceeding is commenced. The right to appeal in forma pauperis from the district court to the circuit court of appeals is not conditioned upon the consent of the circuit court of appeals, even though it be assumed that that court could grant such permission.

It follows that petitioner's application for appeal in forma pauperis should have been entertained by the district court and that opportunity should now be given to that court to act on the application before the consideration of other questions which the petitioner seeks to raise here by his application for certiorari. We accordingly grant the motion to proceed in forma pauperis in this Court. We also grant the petition for certiorari, and remand the cause to the district court for further proceedings in conformity to this opinion.

*So ordered.*