**PATTERSON, United States Marshal, v.
JONES.**

No. 10536.

Circuit Court of Appeals, Ninth Circuit.

Feb. 25, 1944.

Tom C. Clark, Asst. Atty. Gen., Noel K. Wennblom, U. S. Atty., of Anchorage, Alaska, and Melva M. Graney, Atty., Department of Justice, of Washington, D. C.

(Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., of counsel), for appellants.

George B. Grigsby, of Anchorage, Alaska, for appellee.

Before GARRECHT, DENMAN, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for the Territory of Alaska, Third Division, discharging the appellee from custody on petition for a writ of habeas corpus. Appellants urge that the district court erred in holding that Section 3, Chapter 56, of the Session Laws of Alaska, 1919 (Sec. 4985, Compiled Laws of Alaska 1933), is void as interfering with or attempting to limit an Act of Congress to prevent and punish gambling. Appellee moves to dismiss the appeal on the grounds of lack of jurisdiction, laches and delay upon the part of the appellants in prosecuting the appeal, and that the case is moot.

On October 15, 1942, the appellee was convicted in the United States Commissioner's Court for the precinct of Anchorage, Alaska, of the crime of maintaining a gambling house in violation of Section 4985 of the Compiled Laws of Alaska, 1933, was sentenced to serve a term of six months in the Federal jail, and was committed to the custody of a Deputy United States Marshal for the Third Division of the Territory of Alaska. Two days later, the appellee herein filed a Petition for a Writ of Habeas Corpus in the District Court for the Territory of Alaska, the writ issued, and he was released from custody, having been admitted to bail in the sum of $1,000. On October 27, 1942, the court heard the petitioner's demurrer to the marshal's return on the writ, and on November 5, 1942, Simon Hellenthal, District Judge for the Third Division, Territory of Alaska, entered judgment sustaining petitioner's demurrer, exonerating bail and discharging the petitioner.

On January 29, 1943, appellant herein, after due service of a copy thereof on appellee's attorney, filed a notice and petition for appeal with the clerk of the District Court, Third Division, at Anchorage, Alaska. Finding that Judge Hellenthal was absent from Anchorage, due to illness of his wife in Juneau, the appeal papers were on the same day withdrawn from the clerk's office and an unsuccessful attempt (due to

unfavorable flying conditions) was made to send them by plane for presentation to Judge Hellenthal at Juneau, Alaska, within the statutory time. Subsequently, the papers, together with affidavits showing that Judge Hellenthal was absent from the Third Division and that a diligent attempt had been made to present the application to him, were submitted to Judge Pratt, District Judge for the Fourth Division, at Fairbanks, Alaska. This was prior to the expiration of the ninety-day period allowed by statute for filing an appeal. On February 2, 1943, Judge Pratt entered an order referring the matter back to the Third Division on the ground that "Section 230, Title 28, U.S.C.A., regulating the time within which appeals may be taken from a judgment to the Circuit Court of Appeals, has been complied with by said petitioners for appeal and that it is unnecessary for the petition to be acted upon by any Judge in Alaska within three months of said judgment and that a delay in granting the appeal, occasioned by the absence of Judge Hellenthal from his Division, will not prejudice said petitioners in their appeal," which order was filed with the clerk of the Third Division. Judge Hellenthal, who returned to the Third Division on February 21, 1943, which was subsequent to the expiration of the appeal period, after the matter had been brought to his attention several times, formally allowed the appeal on April 13, 1943.

On April 29, 1943, Judge Hellenthal signed the Citation on Appeal and a copy was served on counsel for appellee. On July 24, 1943, appellants filed their Praecipe for Transcript and, after several extensions of time granted by the court, the transcript of record was filed with this Court on October 19, 1943. Appellants' brief was filed December 13, 1943, after extension of time pursuant to motion.

On December 17, 1943, appellee served upon the appellants' counsel a notice of motion to dismiss the appeal, which was heard by this Court on January 17, 1944.

In his motion to dismiss, appellee contends that appellants' application was not timely made and that consequently the District Court lost jurisdiction to allow the appeal and this Court is without jurisdiction to entertain the appeal.

Section 230, Title 28, of the United States Code Annotated provides:

"§ 230. *Time for making application for appeal.* No appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree. (Mar. 3, 1891, c. 517, § 11, 26 Stat. 829; Feb. 13, 1925, c. 229, § 8 [c], 43 Stat. 940; Jan. 31, 1928, c. 14, § 1, 45 Stat. 54.)"

The record discloses that appellants' application for allowance of appeal was filed with the clerk of the District Court, at Anchorage, within the three months' period allowed by the Code; that Judge Hellenthal of the Third Division was absent from Anchorage; that thereupon the matter was presented to Judge Pratt of the Fourth Division, within the three months' period allowed by the Code, who, deeming it unnecessary for a judge of another division to sign the application in view of the timely filing with the clerk of the proper division, reassigned the cause to the Third Division; and that the application was ultimately allowed by Judge Hellenthal when he returned to Anchorage after the expiration of the ninety-day period.

In Steffler v. United States, 319 U.S. 38, 40, 63 S.Ct. 948, 949, 87 L.Ed. 1197, in a per curiam opinion, the Court stated:

"* * * But petitioner's filing of a motion for leave to appeal with the clerk of the District Court was a sufficient application, in view of the fact that an appeal may be allowed by either the District Court or the district judge. * * *"

In his reply brief, appellee cites the case of Matton Steamboat Co. v. Murphy, 319 U.S. 412, 63 S.Ct. 1126, 87 L.Ed. 1483, as authority for his contention that "mere filing" of a petition is not compliance with 28 U.S.C.A. § 230. The appellee intimates that the cited case, decided after the Steffler case, supra, contradicts the earlier case. There is nothing in the Court's opinion to justify such interpretation. The facts in the Matton Steamboat case are entirely different. There, the petition *was* presented within the statutory period to the proper judge who *denied* the application; and the appellant, subsequently and after the expiration of the statutory period, presented his petition to the Supreme Court which ultimately determined that it was without jurisdiction to entertain the appeal in the absence of a new application after the denial. The question of whether filing of a petition for leave to appeal with the clerk of a district court is a sufficient application, either in the absence of the judge or other-

wise, was not before the Court in that case.

The other case cited by appellee in his reply brief (Baez v. People of Puerto Rico, 82 F.2d 317), decided by the Circuit Court of Appeals for the First Circuit prior to the Supreme Court decision in the Steffler case, held that filing of an application for appeal in the office of the clerk of the court will not be regarded as an application "duly made" under Section 230, unless it be where the judge of that court is out of the jurisdiction or incapacitated. We distinguish the Baez case from the case at bar. In the instant case the judge to whom the application should have been presented *was* out of the jurisdiction and could not be reached though diligent effort was made by the appellants to do so within the statutory period.

Suffice it to say that none of these cases overcome the force and effect which we must accord to the decision of the Supreme Court in Steffler v. United States, supra.

We hold that the application for leave to appeal in this case was filed with the clerk of the District Court for the Third Division within the statutory ninety-day period, and the allowance of the appeal thereafter was not error.

The appellee, relying upon the case of Harris v. Lang, 27 App.D.C. 84, 93, 7 L.R.A.,N.S., 124, 7 Ann.Cas. 141, further urges that because the prisoner was sentenced on October 15, 1942, and his six months' period would have expired in April, 1943, the case is now moot and no sentence remains to be served should this Court reverse the judgment. Whether or not the cited case is in appellee's favor is of little importance. Unquestionably, the weight of authority, and we think the better reasoning, supports the other view. See Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; United States v. Greenhaus, 2 Cir., 89 F.2d 634; In re Collins, 8 Cal.App. 367, 97 P. 188; Ex Parte Vance, 90 Cal. 208, 27 P. 209, 13 L.R.A. 574; Dolan's Case, 101 Mass. 219, 222; State of Minnesota v. Jorgensen, 176 Minn. 572, 224 N.W. 156, 62 A.L.R. 244.

As to the claim of laches, the several extensions of time granted appellants by the court were upon proper showing and appellee's case was not prejudiced thereby.

The other matters urged in the motion to dismiss as grounds for dismissing the appeal were also considered but determined to be insufficient to warrant the dismissal of the appeal.

Motion denied.