## UNITED STATES v. DUNBAR.
### No. 218, Docket 22999.

United States Court of Appeals
Second Circuit.

Argued April 7, 1954.

Decided May 10, 1954.

Gilbert S. Rosenthal, New York City, for appellant.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Richard C. Packard, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for appellee.

Before CHASE, Chief Judge, and SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

On July 27, 1936 the appellant, then 17 years of age, was convicted, upon plea of guilty, of possessing and passing counterfeit money in violation of 18 U.S.C.A. §§ 263 and 265.* He was sentenced by Judge Galston to a term of two years at a Federal Reformatory and served the sentence. In 1940 he pleaded guilty to a state court indictment charging first degree robbery, and because of his prior federal conviction was sentenced as a second offender to a term of thirty to sixty years, which he is presently serving at Greenhaven State Prison, Stormville, New York. In 1944 he moved to vacate his plea and set aside the federal conviction upon the ground that his constitutional rights had been violated in that he had not been represented by counsel, had not been advised of his right to counsel and had not waived such right understandingly. A hearing was

* Now 18 U.S.C.A. §§ 471, 472.

had at which the appellant and other witnesses were heard by Judge Galston, who denied the application in an opinion reported in United States v. Dunbar, D.C., 55 F.Supp. 678. An appeal from the order of denial was dismissed in 1947 for lack of prosecution. In May 1953 the appellant again sought to vacate the federal judgment. The grounds asserted were the same as in his 1944 motion; the procedure, following United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, was by motion for a writ of error *coram nobis*. The motion was heard by Judge Galston upon affidavits, which incorporated by reference all the minutes of the 1944 hearing. The motion was denied without opinion by order entered June 18, 1953. Notice of appeal was filed June 30.

At the outset we are faced with the question of appellate jurisdiction. The appellee has moved to dismiss because the notice of appeal was not filed within 10 days after entry of the order, as required by Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., if, as the appellee contends, the order was one made in a criminal case. The appellant counters with the contention that the Rules of Civil Procedure, 28 U.S.C.A., govern appeals in *coram nobis* proceedings. If so, concededly the filing of the notice of appeal was timely. The appellant further argues that even if the Rules of Criminal Procedure apply, the appeal was taken in time for reasons hereafter to be developed.

■ In contending for the application of the Criminal Rules counsel relies heavily on the statement in the Morgan opinion, 346 U.S. 502, 505, footnote 4, 74 S.Ct. 247, 249:

"Such a motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding.

\* \* \*"

The appellant answers that the same footnote also states: "This motion is of the same general character as one under 28 U.S.C. § 2255," and an appeal from an order entered on a motion under that section is governed by the Rules of Civil Procedure. He also cites Mercado v. United States, 1 Cir., 183 F.2d 486, 487, where the court said:

"And the courts are not in agreement as to whether writs of error *coram nobis* are separate proceedings of a civil nature distinct from the criminal proceeding in which the final judgment sought to be corrected was originally entered."

In the case at bar we do not find it necessary to determine whether the proceeding is civil or criminal. Assuming *arguendo* that the Rules of Criminal Procedure govern the taking of the appeal, we hold that it was taken in due time.

The facts must now be stated in more detail. On June 4, 1953 Judge Galston endorsed upon the motion papers a memorandum decision denying the application and directing that an order be settled on notice. On June 12th a proposed order and notice of settlement returnable June 17th was served upon appellant's attorney. The attorney did not attend the settlement of the order. On June 18 the order was entered in the clerk's office. The Clerk of the Court did not "immediately" or at any time mail a notice thereof and make a note in the docket of the mailing as required by Rule 49(c) of the Rules of Criminal Procedure.[1] A copy of the order with notice of entry on June 18 was served upon appellant's attorney on June 22. This was the first notice that the appellant or his attorney had of entry of the order. Notice of appeal was filed June 30.

1. "(c) Notice of Orders. Immediately upon the entry of an order made on a written motion subsequent to arraignment the clerk shall mail to each party affected thereby a notice thereof and shall make a note in the docket of the mailing."

Although Rule 49(c) does not specify what, if any, consequence shall result from the failure of the clerk to comply with it, this court said in Oddo v. United States, 2 Cir., 171 F.2d 854, 855:

"It would seem ,pointless to require notification by the clerk of the court unless the party for whose benefit the provision exists is entitled to rely on receipt of the notice."

In that case the order appealed from was entered March 15th; the clerk mailed Oddo notice thereof on March 18th; this was not received by him at the Penitentiary, Alcatraz, California, until March 22nd, or 23rd; on the latter date he wrote the clerk enclosing a notice of appeal; this was not received by the clerk until March 29th. We held that under the circumstances the ten day period prescribed by Rule 37(a)(2) did not start to run until receipt of the notice required by Rule 49(c). In the present case no notice was mailed by the clerk and actual notice of the entry of the order was not obtained until June 22nd. In conformity with the Oddo case, we hold that June 22nd was the date when the ten day period commenced. Hence the notice of appeal was timely.

■ Passing to the merits of the appeal we think the order should be affirmed. After a full hearing in 1944 Judge Galston found on the testimony of several witnesses, including the appellant, that he had been informed of his right to counsel and had intelligently waived it. The minutes of that hearing were before Judge Galston on the present motion. The affidavits in support of the present motion contain nothing new except the fact that the first case counsel has found in the Eastern District where the record discloses the practice of warning a defendant of his right to be represented by an attorney occurred in 1941. Assuming this to be true it does not contradict the testimony at the prior hearing. Judge Galston reviewed that testimony in his opinion and concluded "that there was an implied, if not express, waiver of the right to counsel,

and that such waiver was given intelligently, understandingly and in a competent manner, as required under Johnson v. Zerbst, supra [304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461]." United States v. Dunbar, D.C., 55 F.Supp. 678, 681. Upon the present motion nothing was shown which proved that conclusion erroneous. The order is affirmed.