**UNITED STATES of America**

v.

**Michael QUARTELLO, Defendant.**

United States District Court,
S. D. New York.

Dec. 30, 1954.

1. Cf. United States v. Shillitani, D.C.S.D.N.Y., 16 F.R.D. 336.

**422**

J. Edward Lumbard, U. S. Atty., Southern Dist. of N. Y., New York City, John H. Carroll, Asst. U. S. Atty., New York City, for United States.

Michael Quartello, pro se.

WEINFELD, District Judge.

■ Defendant, who was then incarcerated and without counsel, mailed a notice of intention to appeal separately to the Trial Judge and to the Assistant United States Attorney who prosecuted the case on July 15, 1954. Since the judgment of conviction was entered on July 8, 1954, these letters were sent in sufficient time to comply with the time requirements of Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[1] The fact that neither of them reached the Clerk's office, although mailed in time, was not the petitioner's fault.[2] The defendant states that in filing his appeal he relied upon the advice of his former counsel who had informed him that this was the proper procedure.

■ Defendant's purpose to file an appeal was reiterated in his letter to the Clerk of the Court dated August 1, 1954, which makes specific reference to his letters of July 9th and July 15th to the Judge "asking him to file an appeal for me" and requesting the Clerk to prepare the record on appeal and to have the Court appoint a lawyer to represent his interests. The failure to remit the $5 filing fee does not invalidate the notice, particularly in view of his earlier letter to the Clerk dated July 14th, stating: "I have no money, and I claim under a (Pauper's Plea) * * *."[3]

Apart from any other consideration, this letter, received within seven days of the judgment of conviction, was in effect a petition for leave to appeal in forma pauperis and appears to constitute an adequate notice of appeal.[4]

The notice of appeal is deemed filed as of July 15, 1954, and the Clerk is directed to note his records accordingly. The petition to prosecute the appeal in forma pauperis is granted. The order to be entered shall also contain a provision for the designation of an attorney to represent the defendant upon his appeal and for the furnishing of the necessary papers and records.

The United States Attorney is requested to propose an order in accordance with the foregoing upon sufficient notice to the defendant.

Settle order on notice.

---

1. Cf. Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865; Oddo v. United States, 2 Cir., 171 F.2d 854; Wallace v. United States, 8 Cir., 174 F.2d 112; United States v. Dunbar, 2 Cir., 212 F.2d 654.

2. Cf. Williams v. United States, 88 U.S. App.D.C. 212, 188 F.2d 41.

3. Oddo v. United States, 2 Cir., 171 F.2d 854.

4. Steffler v. United States, 319 U.S. 38, 63 S.Ct. 948, 87 L.Ed. 488; Tesciona v. United States, 9 Cir., 141 F.2d 811.