UNITED STATES of America ex rel.
L. B. BINION, Relator,

v.

UNITED STATES MARSHAL FOR the
DISTRICT OF NEVADA,
Respondent.

Civ. No. 1496.

United States District Court
D. Nevada.

Nov. 8, 1960.

Harry E. Claiborne, Las Vegas, Nev., and Jacob Kossman, Philadelphia, Pa., for relator.

Harold R. Tyler, Jr., Asst. Atty. Gen., and Eugene N. Barkin, Atty., Dept. of Justice, Washington, D. C., and Howard W. Babcock, U. S. Atty., Reno, Nev., for respondent.

HALBERT, District Judge.

Relator was taken into custody by respondent Marshal under the authority of a judgment and commitment issued by the United States District Court for the Western District of Texas. Relator made application to this Court for a writ of habeas corpus. On July 12, 1960, this Court entered an order in this proceeding, directing the issuance of a writ of habeas corpus; ordering the relator admitted to bail in the sum of $5,000; and directing that a hearing be held to ascertain the cause of relator's detention. The required hearing has been had by this Court, and the matter of the legality of the detention of relator by respondent is now before the Court for its consideration and determination.

## History of the Case

The record shows that relator entered a plea of *nolo contendere* to income tax evasion (I.R.C.(1939) (§ 145(b), 26 U. S.C. § 145(b) in this Court. He was sentenced to pay a fine, and placed on probation for a term of five years ending September 3, 1957. Thereafter, relator was, on his plea of guilty entered in the United States District Court for the Western District of Texas, convicted of other charges of income tax evasion. Relator was, on these latter charges, sentenced to pay a fine, and to serve three concurrent terms of five years each, followed by probation for three years. Relator was committed to the custody of the Attorney General on December 14, 1953, for the purpose of serving the sentences imposed.

After serving more than two years in the United States Penitentiary at Leavenworth, Kansas, relator moved the United States District Court for the Western District of Texas for correction of his sentence under the provisions of Title 28 United States Code, § 2255. The motion was denied. Relator instituted an appeal from this ruling, but such appeal was deferred pending the outcome of the case of Achilli v. United States, 353 U.S. 373, 77 S.Ct. 995, 1 L.Ed.2d 918. At the direction of the United States Supreme Court, relator was released on bail by the United States District Court for the Western District of Texas, on March 19, 1957.[1]

From March 21, 1957 until September 3, 1957, relator reported to the Chief United States Probation Officer in Las Vegas, Nevada, as a probationer under the sentence entered by this Court. Thereafter, under the direction of the Probation Officer, relator reported to him until October 23, 1957, while the Probation Officer sought, and eventually obtained, instructions from the Parole Board Executive in Washington. Relator reported once a week, occasionally by telephone, occasionally in person. After October 23, 1957, relator reported no more to the Probation Officer.

The decision of the United States District Court for the Western District of Texas, denying relator relief under the provisions of Title 28 United States Code, § 2255, was affirmed (Binion v. United States, 5 Cir., 245 F.2d 466), and certiorari was denied by the United States Supreme Court (355 U.S. 834, 78 S.Ct. 53, 2 L.Ed.2d 45).

Relator surrendered to the United States Marshal at Philadelphia, Pennsylvania, on October 16, 1957. He filed a

---

1. At that time, relator had to serve over three months more in order to be eligible for mandatory release. His application for release on parole had previously been denied.

petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania on the same day. He was released on bail the following day. The District Court for the Eastern District of Pennsylvania found that he was *"de facto"* on parole on his Texas sentence from March 19, 1957 to October 23, 1957, and in recognition of the rule that parole is ameliorated imprisonment (Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247), that Court found the relator was entitled to mandatory release.[2] The decision was reversed on appeal (United States ex rel. Binion v. O'Brien, 273 F.2d 495), the United States Court of Appeals for the Third Circuit holding that relator was not entitled to credit on his Texas sentence for the period from March 21, 1957 to September 3, 1957, during which relator had reported to the Probation Officer under his sentence by this Court. Certiorari was denied by the United States Supreme Court, 363 U.S. 812, 80 S.Ct. 1249, 4 L.Ed.2d 1154.

On Friday, June 10, 1960, relator entered the office of the United States Marshal at Las Vegas, and presented himself to Denny L. Sampson, the Deputy United States Marshal then in charge of the office. Relator was accompanied by his attorney, Harry E. Claiborne, Esq. Relator told Mr. Sampson that he was surrendering on the strength of the order of the United States Supreme Court, denying certiorari. Mr. Sampson asked relator to have a seat, and went in search of legal advice. He shortly returned and told Mr. Claiborne (who was then in the chambers of Judge Foley of this District, seeking to obtain a writ of habeas corpus for relator) that he, the Marshal, had no authority to hold relator, and accordingly would not do so. On the following Monday, Tuesday, and Wednesday, relator repeatedly attempted to surrender to the Deputy Marshal, who refused to take him into custody without process authorizing such action. On July 5, 1960, the United States District Court for the Eastern District of Pennsylvania ordered relator to be remanded to the custody of the Attorney General of the United States. On July 12, 1960, relator again reported to the Marshal, who took him into custody under the authority of the judgment and commitment of the United States District Court for the Western District of Texas. Relator immediately instituted the instant proceedings, as heretofore noted.

### Relator's Contentions

Relator makes the following contentions:

1. He contends that he is entitled to credit for the time when he was free without bail on the order of the United States District Court for the Eastern District of Pennsylvania, prior to the Government's notice of appeal. (He concedes, however, that he is entitled to no credit for the time that he was at liberty on bail).

2. He contends that he is entitled to credit for the time from June 10, 1960 until July 12, 1960. He bases this contention upon his theory that the refusal of the Marshal to take him into custody (without authority) was an attempt to force him to serve his sentence in installments.

3. He contends that he is entitled to credit for the time from March 19, 1957 to September 3, 1957. He contends that he was placed under more onerous requirements of reporting by the Probation Officer than were required by the order of this Court, placing him upon probation. He contends that the effect of this action by the Probation Officer was to place him, *de facto*, on parole under his Texas sentence.

4. He contends that he is at least entitled to credits for every day that he reported over and above the one day every sixty days that he was directed *by the*

2. Relator's bail was then exonerated, and he was released unconditionally for a period of 58 days, until he was once more placed on bail when the Government filed a notice of appeal.

*Court* to report to the Probation Officer between March 19, 1957 and September 3, 1957. This would amount to about eight days every sixty days.

5. He contends that he is entitled to credit for the period from September 3, 1957 through October 23, 1957. The United States Court of Appeals for the Third Circuit agreed with this contention, on a *"de facto"* parole theory (United States ex rel. Binion v. O'Brien, supra, 273 F.2d at pages 497–498).

6. He contends that even if all his contentions, except No. 5, are rejected by this Court, he still has but fifty-seven days to serve before his mandatory release date. As he has been free and stayed out of trouble for over three years (with two brief periods spent in custody because of this case), he argues that he should be granted parole. He contends that it is an abuse of discretion on the part of the United States Board of Parole to refuse him parole, and that this Court should therefore set him free (He also asserts that if this proceeding is terminated adversely to him, he should be set at liberty on bail, pending appeal or further proceedings; otherwise, he apprehends that the proceedings will become moot.).

### The Court's Conclusions

■ Before taking up relator's contentions, *seriatim*, it will be well to point out the fundamental nature of these proceedings. The sole purpose of this proceeding is to inquire into the legality of relator's detention. Habeas corpus may not be used to secure judicial decision of any question which, even if determined in the prisoner's favor, could not result in his immediate release. The only relief authorized is the discharge of the prisoner, and that only if his detention is found to be unlawful (McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238). It follows then that if there is any period of incarceration which relator is legally obligated to serve, his detention by respondent was lawful, and this proceeding can avail relator nothing.

### I.

■ Relator's contention No. 1 is that somehow he was serving his sentence at a time when he was under no restraint whatsoever. Mere lapse of time without imprisonment or other restraint contemplated by the law does not constitute service of sentence (Anderson v. Corall, supra). The very contention pressed by relator in this case was rejected in Patterson v. Jones, 9 Cir., 141 F.2d 319; and again by implication in Patterson v. Jones, 9 Cir., 143 F.2d 531 (See also Hunter v. McDonald, 10 Cir., 159 F.2d 861).

### II.

■■ Relator's contention No. 2 is regarded by this Court as utterly unsubstantial. The Court finds as a fact, from the evidence adduced, that the Marshal did not take relator into custody. The fact is that the Marshal had no legal authority to take relator into custody during the period in question. Relator relies upon the cases of Albori v. United States, 9 Cir., 67 F.2d 4, and Smith v. Swope, 9 Cir., 91 F.2d 260. In each of those cases, the prisoner was remanded to the custody of a Marshal, under a commitment of a United States District Court, for the purpose of requiring the prisoner to commence serving his sentence. Those cases stand for the proposition that in such circumstances, the sentence commences to run immediately, where the Marshal, without fault on the part of the prisoner, fails to execute the commitment order. To the same effect are White v. Pearlman, 10 Cir., 42 F.2d 788; and In re Jennings, C.C., 118 F. 479. United States v. Jones, D.C., 147 F.Supp. 268, cited by relator, has no application to the instant case. That case involved action by the sentencing Court under Federal Rules of Criminal Procedure, Rule 57(d), 18 U.S.C. Price v. McGuinness, 3 Cir., 269 F. 977, also cited by relator, cannot be made to support relator's contention No. 2. The authority of United States ex rel. Binion v. O'Brien, supra, is rejected by this Court, so far as it bears on this point. The opinions of the United States Court

of Appeals for the Third Circuit are entitled to, and will be given, respectful consideration by this Court, but they are not controlling. That Court correctly stated the law to be that where an individual's liberty is restrained by the act of an officer of the United States *having authority to exercise restraint*, such individual is entitled to credit for the period of that restraint toward the service of his sentence. Misapplying this rule to the facts here involved, the Court, in the humble opinion of this Court, went on to reach the incorrect conclusion that relator in this case is entitled to credit for a period during which he was restrained by an officer of the United States *without any authority to do so.* This Court is of the view that this conclusion does not follow from the rule stated. Furthermore, it was mere *obiter dictum*, insofar as United States ex rel. Binion v. O'Brien, supra, is concerned. The Court in that proceeding held that relator was not entitled to credit for the period from March 19, 1957 through September 3, 1957, and hence was not entitled to an immediate release. This question of whether relator was entitled to immediate release was the only question before that Court (McNally v. Hill, supra). Relief in the nature of declaring a portion of relator's remaining sentence to have been served on *de facto* parole was not within the jurisdiction of that Court (McNally v. Hill, supra). Even if that decision were sound, it would not apply to relator's contention No. 2, since relator was not in fact taken into custody on June 10, 1960, or on the following Monday, Tuesday, and Wednesday, or at any time until July 12, 1960.

### III.

■ Relator's contention No. 3 is likewise unsound. A Federal prisoner who meets certain requirements, having followed certain procedures, may be paroled *by the Board of Parole* (Title 18 U.S.C. §§ 4202, 4203). The power to grant paroles does not reside in a Probation Officer. Moreover, parole is an ameliorated imprisonment (Anderson v. Corall, supra). Not even the Board of Parole could have ordered relator to be placed on a parole status, on his Texas sentence, when the United States Supreme Court had ordered him to be released on bail, on that sentence. To have held relator in any form of custody would have been to defy the order of the Supreme Court of the United States. To test the conclusion that relator was on *de facto* parole on that sentence, we need only examine what would have happened had the Federal authorities attempted to retake him for some violation of that parole under the provisions of Title 18 U.S.C. § 4205. Relator's counsel would have righteously denounced the whole concept of *de facto* parole, and this he would have done with complete propriety.

Probation is a flexible instrument in this Court, and the Probation Officer has some discretion. It is true that he directed relator to report more frequently than was provided in the formal order of this Court. This, however, appears to have been done after consultation with the late Judge Murphy serving in this Court. If relator found this direction to be onerous, he should have refused to obey it.[3] It is entirely possible, and not at all improbable, that this Court's order placing relator on probation would have, on proper showing, then been formally changed. As relator made no objection, it is apparent that the Probation Officer and the relator compatibly worked together, during the period of relator's probation ordered by this Court, by mutual agreement. This Court does not consider the result to have been a deprivation of relator's liberty by the

---

**3.** The order placing relator on probation not only directed him to report every sixty days, *but also to follow the directions of the Probation Officer.* Where a Probation Officer directs a probationer to report more frequently than the Court directs, the wisest way for the probationer to make any objection is to make it first to the Probation Officer, and, if no relief is afforded, then to the Court. Relator made no objection to either.

Probation Officer acting without authority. Rather, there is exemplified a harmonious and satisfactory period of probation.

### IV.

Relator's contention No. 4 presents no issue justiciable by this Court, when it is considered in the light of the decision reached on the first three contentions of relator, for its resolution cannot affect relator's right to an immediate release (McNally v. Hill, supra). In view of the fact that the mathematics of this case are complicated, this Court will set forth its view upon the matter, as an alternate ground for the basic conclusion which is ultimately reached. The Court believes it has reached a proper result on each and all of relator's contentions, but if perchance it should be wrong on some combination of relator's contentions, what is said next is still determinative of the ultimate issue up for consideration in this proceeding.

Relator's contention No. 4 is rejected upon the same grounds as was contention No. 3. If relator had been in fact on some judicially legislated status of *de facto* parole, he would have been no more in such a status on the days he reported than on the days between reports. As he was not in such status, he is entitled to no credit toward his Texas sentence for reports required under his Nevada sentence. He was no more imprisoned on the day when he telephoned the Probation Officer from his Montana ranch than on the days when he had no contact with the Probation Officer.

### V.

■ As an alternate ground for this decision, this Court rejects relator's contention No. 5. United States ex rel. Binion v. O'Brien, supra, contains a dictum in support of this contention of rela-

tor, but this Court considers that dictum to be beyond the scope of the jurisdiction of that Court. It is, therefore, not controlling here. It is the conclusion of this Court that the Chief Probation Officer lacked authority to order relator into a parole status on his Texas sentence. Relator could have been paroled only by the Board of Parole. He could not have been ordered into this status of ameliorated imprisonment even by the Board of Parole, for he had been ordered to be *released* by the United States Supreme Court. This Court respectfully disagrees with the decision of the United States District Court for the Eastern District of Pennsylvania, wherein it is said that relator, although not on parole *de jure*, was so *de facto*, "and bound to conduct himself accordingly." [4] Relator had every right to refuse to report to the Probation Officer, after the expiration of his probationary sentence under the conviction in this Court.

· It may be noted that neither relator nor the Probation Officer apparently were considering relator's remaining penitentiary sentence under his Texas conviction, but rather they proceeded under the belief that his three-year probation period under the Texas sentence was applicable. If, under any legal theory, relator were entitled to credit the period from September 3, 1957 through October 23, 1957 against his Texas sentence, it would seem that the credit should apply to the *probationary* period of that sentence.

### VI.

■ This Court has no power to grant relator parole, clemency, or a reduced sentence. If such power exists, it is in the Board of Parole, the President, and the sentencing Court, respectively. This Court does not reach the question of

---

4. That relator was in actual custody in Philadelphia, Pennsylvania on October 16–17, 1957 seems to have been overlooked. How relator could have been in any sort of custody in Nevada when he was some 2,000 miles away, in the custody of the Marshal in Philadelphia, is not quite clear. Apparently, relator is

seeking to credit himself twice for October 16th and 17th—once on the *de facto* parole theory, and once because he was incarcerated in Philadelphia. In addition, it must be kept in mind that after October 17th, relator was free on bail by order of the United States District Court for the Eastern District of Pennsylvania.

whether relator should be admitted to bail should he elect to appeal from this decision. It does not appear that it is appropriate to consider such matter at this time. If need be, it will be considered in due course. Under the circumstances, relator's contention No. 6 must be, and it is, found to be without merit.

It Is, Therefore, Ordered that the writ of habeas corpus be, and it is, hereby discharged, and relator, L. B. Binion, is remanded to the custody of the respondent.