### UNITED STATES
### v.
### Edward Thomas DAVIS.
### Cr. No. 3160.

United States District Court
E. D. North Carolina,
Wilson Division.
Oct. 25, 1962.

Herbert L. Toms and Ted R. Reynolds, Raleigh, N. C., for defendant.

Robert H. Cowen, U. S. Atty., Raleigh, N. C., for the United States.

LARKINS, District Judge.

On October 4, 1961, the defendant Edward Thomas Davis was convicted by a jury in the Raleigh Division, Eastern District of North Carolina upon his plea of not guilty of the offense charging the defendant "with unlawful or fraudulent intent, did transport in interstate commerce a falsely made and forged Nationwide Money Order, knowing same to be falsely made and forged, in violation of the provisions of Title 18, U.S.C. Section 2314."

The defendant, who was ably represented by court appointed counsel, was on the said 4th day of October, 1961, committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment for a period of five (5) years.

Thereafter upon motion of his court appointed counsel, permission was granted counsel to withdraw from the case, and the defendant was placed in the Wake County, North Carolina jail awaiting transfer to prison.

## FINDINGS OF FACT

1. The defendant Edward Thomas Davis, on October 4, 1961, was convicted by a jury of a charge of transporting in interstate commerce a forged instrument in violation of Title 18 U.S.C. § 2314 and sentenced to a term in prison for five (5) years.

2. On October 13, 1961, at 4 o'clock P.M., nine days later, a Deputy United States Marshall delivered to the Clerk of the United States District Court at Raleigh, North Carolina an envelope addressed to "The Clerk of Court, United States District Court, Eastern District North Carolina, Raleigh, North Carolina" which contained a hand written letter without a duplicate from the defendant Edward Thomas Davis. The letter was intended to be a notice of appeal, setting forth certain grounds therefor and requesting the appointment of counsel. The letter was mailed under date of October 13, 1961, postmarked 8 o'clock P.M. from Raleigh, North Carolina to the presiding Judge at Trenton, North Carolina. It was received, filed, and acknowledged October 14, 1961, at 10 o'clock A.M. The letter of transmittal from the Clerk stated that the letter did not appear to be in proper form for a notice of appeal and did not meet all of the requirements, including a duplicate copy, nor was it accompanied by the filing fee and appeal bond as required by the local rules.

3. On October 18, 1961, the Clerk wrote the defendant, who was still in the Wake County, North Carolina jail in Raleigh, North Carolina, outlining the requirement of the rules in order that defendant's letter could be filed and treated as an appeal and the defendant was advised that he could be permitted upon application by the Court, to prosecute his appeal in forma pauperis, if he was financially unable to pay the filing fee and give cost bond required by the rules.

4. On October 30, 1961, the defendant wrote the Court that he had given notice of appeal, but that he desired certain information from the money orders in exhibit at the trial. The Court thereafter directed the United States Attorney to furnish the Exhibits to the defendant. However, in the interim, on October 10, 1961, the Court had permitted the government to withdraw the said Exhibits for use in another case, in the Middle District, but copies of the Exhibits were made available to the defendant.

5. On October 19, 1961, the defendant by letter notified the Court he was ready to petition for a new trial and after several other letters exchanged between the defendant and the Court, the defendant filed on May 28, 1962, in duplicate, an affidavit to proceed in forma pauperis, a motion for a new trial, an affidavit of movant, an affidavit of Melvin Arthur Jones and copies of correspondence between defendant and several other persons.

6. On June 1, 1962, the Court granted leave to defendant to file motion for a new trial in forma pauperis, but without a hearing, the Court denied the motion for a new trial, and copies were served on the defendant. No appeal was taken.

7. On July 30, 1962, the defendant filed a motion pursuant to Title 28 U.S.C. § 2255, supported by application to proceed in forma pauperis, seeking a hearing before this Court for the purpose of impeaching the trial testimony of a witness for the government.

The Court allowed the petitioner to proceed in forma pauperis, but without a hearing, denied the motion for a hearing on August 22, 1962.

8. On October 13, 1962, the defendant filed with the Court a notice of appeal, an affidavit for an order to proceed in forma pauperis, and an affidavit in support of appeal.

## CONCLUSIONS OF LAW

1. Defendant who was then incarcerated on October 13, 1961, in the Wake County, North Carolina jail, sent, by the hand of the United States Deputy Marshall a letter containing a notice of intention to appeal, said letter delivered to the Clerk of the United States District Court, who received it at 4 o'clock P.M.

and mailed it the same date to the presiding Judge. The Judgment and Commitment having been signed on October 4, 1961, said letter was sent in sufficient time (9 days later) to comply with the time requirement of Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C., Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865 (1941), Oddo v. United States, 171 F.2d 854 (2 Cir., 1949), Wallace v. United States, 174 F.2d 112 (8 Cir., 1949), and United States v. Dunbar, 212 F.2d 654 (2 Cir., 1954).

2. Defendant's intent to file an appeal was reiterated in a letter addressed to the Court on October 30, 1961, when he requested the Court to furnish him copies of the forged documents in question.

3. The failure to pay the $5.00 filing fee and the giving of the appeal bond does not invalidate the notice, although the defendant did not request permission to proceed in forma pauperis until October 13, 1962, a year later, to the day.

4. The notice of appeal is deemed filed as of October 13, 1961, at 4 o'clock P.M. when defendant's letter was handed to the Clerk. United States v. Quartello, 16 F.R.D. 421 (D.C.N.Y., 1954).

It is therefore ORDERED that the defendant, upon good cause shown, be, and he is hereby allowed to prosecute his appeal in forma pauperis, to the Court of Appeals for the Fourth Circuit.

It is further ORDERED that Herbert L. Toms and Ted R. Reynolds, Attorneys at Law, Raleigh, North Carolina, be, and they are hereby appointed to represent the defendant upon his appeal to the Circuit Court of Appeals, they having represented the defendant at the trial in the Raleigh Division, Eastern District of North Carolina.

It is further ORDERED that the appeal be deemed filed as of October 13, 1961, and within 10 days after entry of judgment, and the Clerk of the United States District Court for the Eastern District of North Carolina is directed to note his records accordingly under Rule 37(a) (2).

It is further ORDERED that the Clerk serve a copy of the order personally or by United States Mail upon the United States Attorney, Raleigh, North Carolina and a copy upon the defendant Edward Thomas Davis, and a copy upon each of the court appointed counsel for defendant.