**Edward Thomas DAVIS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 863.**

United States District Court
E. D. North Carolina,
Wilson Division.

May 1, 1964.

Edward Thomas Davis, pro se.

Robert H. Cowen, U. S. Atty., Raleigh, N.C., by Alton T. Cummings, Asst. U.S. Atty., for respondent.

LARKINS, District Judge:

### SUMMARY

This cause arises on a motion to vacate a sentence within the provisions of 28 U.S.C.A. § 2255 and is filed in forma pauperis. The Government has filed a reply and the petitioner has submitted a further pleading entitled, "Traverse: Upon Motion to Vacate Sentence".

This motion is the third this petitioner has filed under § 2255 since his incarceration in October 1961. His last one was denied in February 1964. The ground upon which this present motion is bottomed is set out on page 7 of the petition, as follows:

"Petitioner contends that the instant indictment fails to charge an offense under any reasonable construction. The contentions of the Government's case against Petitioner was that petitioner caused the money order to be transported in interstate commerce by the Belk-Tyler Store, and since it is the Government's contentions that Petitioner did not transport the money order himself the name of the alleged person Petitioner caused to transport in interstate the document in question should have been in the indictment."

## FINDINGS OF FACT

In October 1961, in Raleigh, North Carolina, this petitioner, through court-appointed counsel, entered a plea of not guilty to the charge of transporting through interstate commerce a falsely made money order in violation of Title 18 U.S.C.A. § 2314. He was tried and convicted of the offense by a jury and the court imposed an active sentence of five years. He is presently incarcerated in the United States Penitentiary in Atlanta.

Following his conviction on October 4, 1961, the petitioner moved for a new trial. The motion was denied without hearing. Later he filed a motion under Title 28 U.S.C.A. § 2255 requesting a hearing for the purpose of impeaching the trial testimony of a Government witness. This motion was also denied in a written opinion dated August 22, 1962.

The petitioner was permitted to appeal his conviction in forma pauperis in the United States Court of Appeals for the Fourth Circuit. United States v. Davis, 210 F.Supp. 84 (E.D.N.C.1962). Chief Judge Sobeloff assigned counsel to represent the petitioner on appeal. The conviction was affirmed in an opinion rendered on July 6, 1963. United States v. Davis, 320 F.2d 660 (4th C.C.A. 1963).

A motion was filed again under 28 U.S.C.A. § 2255 on the ground that the Government had not proved every element of the offense and that there did not exist sufficient evidence to support the jury verdict. On February 3, 1964 that motion was denied in a written opinion but without a hearing.

## CONCLUSIONS OF LAW

 Ordinarily the sufficiency of the indictment is not open to collateral attack under 28 U.S.C.A. § 2255 after conviction. An exception is made only where it is obvious the court had no jurisdiction over the offense charged or where the circumstances are such as would necessitate the remedy sought. In Lucas v. United States, 158 F.2d 865, 867 (4th C.C.A.1947), certiorari denied 330 U.S. 841, 67 S.Ct. 977, 91 L.Ed. 1287; the Fourth Circuit stated the general rule in this manner:

"If the question of the sufficiency of the indictment had been raised upon the trial by demurrer, motion to quash or motion for a bill of particulars and had been presented by appeal from the judgment, a new trial would doubtless have been granted for error in the proceedings. A very different situation is presented, however, where the question is not raised upon the trial; for it is well settled that, where this is not done, the indictment must be held sufficient, 'unless so defective that by no reasonable construction can it be said to charge the offense for which the defendants were convicted'. Muench v. United States, 8 Cir., 96 F.2d 332, 334–335."

See also U. S. v. Sehon Chinn, D.C., 5 F. R.D. 226, affirmed 157 F.2d 1013 (4th C. C.A.1946). Other circuits are in accord. See Keto v. United States, 189 F.2d 247 (8th C.C.A.1951); Stegall v. United States, 259 F.2d 83 (6th C.C.A.1958), certiorari denied 358 U.S. 886, 79 S.Ct. 128, 3 L.Ed.2d 114; Barnes v. Hunter, 188 F.2d 86 (10th C.C.A.1951).

The indictment in this case reads as follows:

"That on or about April 8, 1961, in the Eastern District of North Carolina, EDWARD THOMAS DAVIS, with unlawful or fraudulent intent, did transport in interstate commerce from Tarboro, State of North Carolina, to Baltimore, State of Maryland, a falsely-made and forged Nation-Wide Money Order, to wit: No. 92425012, payable in the name of John H. McKewen, Jr., dated April 5, 1961, in the amount of $100.00, knowing the same to be falsely-made and forged, in violation of the provisions of Title 18, United States Code, Section 2314."

Counsel for petitioner did not question the sufficiency of the indictment during the trial, nor was it challenged on appeal to the Fourth Circuit. In order for the

petitioner to prevail by his motion this court would have to find that the indictment was so defective that under no reasonable construction was he charged with the offense for which he was subsequently convicted.

Even though the name of the clerk who accepted the money order was not included in the bill of indictment, that omission did not make the indictment defective. The indictment clearly sets out the offense with which the petitioner was charged and convicted and any reasonable construction will confirm its sufficiency. No circumstances exist in this case which will open to collateral attack the sufficiency of the bill of indictment.

### ORDER

Therefore, it is ordered that the petitioner's motion to vacate his sentence be, and the same is hereby denied.