**UNITED STATES of America, Appellee,**

v.

**Donald G. AUEN, Defendant–Appellant.**

**No. 677, Docket 87–1109.**

United States Court of Appeals,
Second Circuit.

Argued March 9, 1988.

Decided Dec. 5, 1988.

Charles E. McFarland, Newton Falls, Ohio, for defendant-appellant.

Alan Hechtkopf, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, Robert E. Lindsay, Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., Frederick J. Scullin, Jr., U.S. Atty., N.D. New York), for appellee.

Before MESKILL and ALTIMARI, Circuit Judges, and MISHLER, District Judge.*

PER CURIAM:

This appeal concerns a matter previously before this court. The relevant facts are set out fully in *United States v. Auen,* *("Auen I")* 846 F.2d 872 (2d Cir.1988). In *Auen I,* we were asked to determine whether the district court erred when it did not make a specific determination of Defendant–Appellant Donald Auen's competency to stand trial, and whether Auen was denied his right to assistance of counsel. We remanded the case to the district court to "consider, first, whether it [could] make a meaningful determination into Auen's competency at the time of trial, and second, assuming it [could], to determine whether Auen was competent." *Auen I,* 846 F.2d at 878. We reserved decision on the question of whether Auen waived his right to assistance of counsel until a determination was made as to Auen's competency.

On remand, the district court found that Auen's behavior "was essentially the same as that exhibited at the time of trial," and that this behavior "arose out of his position with respect to the tax law rather than mental disease." The court further concluded that Auen was able to understand the nature and consequences of the proceeding against him, and had he so chosen, could have cooperated with counsel. Examination of the record shows the district court's finding of competence to be neither clearly arbitrary nor unwarranted. *See United States v. Hayes,* 589 F.2d 811, 822 (5th Cir.), *cert. denied,* 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979). Accordingly, it will not be disturbed.

We now consider whether Auen waived his right to the assistance of counsel. In *Auen I,* we noted that there was no express waiver, and that assignment of court-appointed counsel could not be conditioned on the execution of financial affidavits. *Auen I,* 846 F.2d at 878–79; *see United States v. Moore,* 671 F.2d 139 (5th Cir.1982). Nevertheless, examination of the record reveals that Auen implicitly waived the right to counsel. *See United States v. Arlen,* 252 F.2d 491, 495–96 (2d Cir.1958) (court implied knowing waiver of right to counsel from defendant's actions); *United States v. Dunbar,* 212 F.2d 654, 656 (2d Cir.) (same), *cert. denied,* 348 U.S. 848, 75 S.Ct. 73, 99 L.Ed. 668 (1954). The trial court repeatedly offered Auen the opportunity to obtain legal representation. Auen's failure to obtain counsel was consistent with the teachings and strategies of the tax protest organization with which he was affiliated. The record indicates that Auen knowingly, intelligently, and voluntarily waived his right to counsel. *See Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

In sum, the district court's finding that Auen was competent at the time of trial is not clearly arbitrary or unwarranted. Because Auen has knowingly, intelligently,

* Honorable Jacob Mishler, Senior District Judge of the United States District Court for the East-ern District of New York, sitting by designation.

**6**

and voluntarily waived his right to counsel, the judgment of conviction is

AFFIRMED.