JOHN FARRELL v. THE STATE.

1. By force of the one hundred and ninety-third section of the Crimes act it is an indictable offence to attempt to commit the crime denounced by the act of April 28th, 1887. *Pamph L*, *p.* 230.

2. All consistent statutes, which can stand together, though enacted at different dates, relating to the same subject, and hence, briefly, called statutes *in pari materia*, are treated prospectively, and construed together, as one act.

3. A statute which is amended is thereafter, and as to all acts subsequently done, to be construed as if the amendment had always been there; and the amendment itself so thoroughly becomes a part of the original statute that it must be construed, in view of the original statute; as it stands after the amendments are introduced and the matters superseded by the amendments eliminated.

4. The act for the punishment of crimes, in the revision, is a single act, which purports to cover the entire subject, so far as it is intended to be regulated by statute. The effect of an amendment of a section of the law is, not to sever it from its relation to other sections of the law, but to give it operation in its new form, as if it had been so drawn originally, treating the whole act as an harmonious entirety, with its several sections and parts mutually acting on each other.

In error.

Argued at November Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Chauncy H. Beasley* and *Horatio N. Barton.*

For the state, *Bayard Stockton, Prosecutor of the Pleas,* and *W. Holt Apgar.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff in error was convicted in the Mercer County Quarter Sessions upon an indictment of which the following is a copy:

| Farrell v. State. | *54 N. J. L.* |
|---|---|

"*Mercer Oyer and Terminer and General Jail Delivery,*
"*October Term, 1891.*

"Mercer County, to wit—The grand inquest of the State of
New Jersey, in and for the body of the county of Mercer,
upon their respective oath—

"Present, That John Farrell, late of the city of Trenton,
in the said county of Mercer, on the first day of August, in
the year of our Lord one thousand eight hundred and ninety,
with force and arms, at the city of Trenton aforesaid, in the
county aforesaid, and within the jurisdiction of this court, in
and upon the body of one Freda Drews, in the peace of God
and this state then and there being, an assault did make, and
her, the said Freda Drews, being then and there a woman
under the age of sixteen years, he, the said John Farrell,
being then and there above the age of sixteen years, did
attempt to unlawfully and carnally abuse and other wrongs
to the said Freda Drews then and there did to the great dam-
age of the said Freda Drews.

"BAYARD STOCKTON,
"*Prosecutor of the Pleas.*"

The reason relied upon for reversal is, that the court below
should have quashed the indictment on the ground that there
is no such crime known to the law as an attempt to unlawfully
and carnally abuse a woman under the age of sixteen years.

The eightieth section of the Crimes act, approved March
27th, 1874 (*Rev., p.* 241), provides:

"Any person who shall have carnal knowledge of a woman
forcibly and against her will, or who shall aid, abet, counsel,
hire, cause or procure any person or persons to commit the
said offence, *or who being of the age of fourteen years, shall
unlawfully and carnally know and abuse a woman-child under
the age of ten years with or without her consent,* shall, on con-
viction, be adjudged guilty of a high misdemeanor, and shall
be punished," &c.

The one hundred and ninety-third section of the Crimes
act, approved March 27th, 1874 (*Rev., p.* 261), provides that,

"If any person shall attempt to commit any of the offences mentioned in this act, or any offence of an indictable nature at common law, he shall, though such offence was not actually committed, be guilty of a misdemeanor, and on conviction, be punished," &c.

In 1887, the eightieth section of the Crimes act above set forth was amended to read as follows :

"That if any person shall have carnal knowledge of a woman, forcibly and against her will, or who being of the age of sixteen years or over shall unlawfully and carnally abuse a woman under the age of sixteen, with or without her consent, shall be guilty," &c. *Pamph. L., p.* 230.

The indictment in this case was drawn for an attempt on the part of the plaintiff in error to commit the offence denounced by the act last recited. The position taken by the plaintiff in error is, that section 193 of the Crimes act, passed in 1874, does not apply to the eightieth section as amended in 1887.

"It is an established rule of law that all acts *in pari materia* are to be taken together as if they were one law." *Pott. Dwar. Stat.* 189.

All consistent statutes, which can stand together, though enacted at different dates, relating to the same subject, and hence, briefly, called statutes *in pari materia*, are treated prospectively and construed together, as though they constituted one act. *Suth. Stat. Const.*, § 283.

As a rule of construction, a statute amended is to be understood in the same sense exactly as if it had read from the beginning as it does as amended. *People* v. *Circuit Judge*, 37 *Mich.* 287.

In *Conrad* v. *Noel*, 24 *Mich.* 275, a section in a chapter of the Code was amended, and it was held that it was not intended to operate independently of the other provisions of the chapter, but that the whole chapter, in its present form, must be read as one act.

The rule is correctly stated in *Endlich on Stat.*, § 294, as follows :

"A statute which is amended is thereafter, and as to all acts subsequently done, to be construed as if the amendment had always been there, and the amendment itself so thoroughly becomes a part of the original statute that it must be construed, in view of the original statute, as it stands after the amendments are introduced and the matters superseded by the amendments eliminated."

The act for punishment of crimes, in the revision, is a single act, which purports to cover the entire subject, so far as it is intended to be regulated by statute. The effect of an amendment of a section of the law is, not to sever it from its relation to other sections of the law, but to give it operation in its new form as if it had been so drawn originally, treating the whole act as an harmonious entirety, with its several sections and parts mutually acting upon each other.

The act of 1887 is substitutionary; it stands in the place of the act of which it is an amendment; and any attempt, after the time when it took effect to commit the offence at which it is aimed, is within the operation of the one hundred and ninety-third section of the Crimes act.

If this were not so, it is a misdemeanor at common law to attempt to commit an act which is made a misdemeanor by statute.

An attempt to commit a misdemeanor is a misdemeanor, whether the offence is created by statute or is an offence at common law. *Smith* v. *Commonwealth*, 54 *Pa. St.* 209; *State* v. *Avery*, 7 *Conn.* 266; *Russ. Cr. & M.* 46; 1 *Bish. Cr. L.*, § 520; *Rex* v. *Roderick*, 7 *Car. & P.* 794.

In my opinion, there is no error in the proceedings below, and the judgment should be affirmed.