## STEFFLER v. JOHNSTON, Warden.

### No. 9803.

Circuit Court of Appeals, Ninth Circuit.

June 25, 1941.

Rehearing Denied July 19, 1941.

Fred Steffler, in pro. per., of Alcatraz, Cal., and Milton Maxwell Newmark, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order denying the appellant's petition for a writ of habeas corpus. We believe the writ was properly denied. The single error urged in this court by appellant and his counsel involves a question of law apparent from appellant's pleadings below.

Appellant was convicted in the United State District Court for the Southern District of Indiana of entering an Indiana state bank, whose deposits were insured by the Federal Deposit Insurance Corporation, with intent to commit larceny therein. He claims this is not a federal offense, that the federal court had no jurisdiction to try him and that its judgment is void.

The act creating the crime of entering the bank premises with felonious intent upon which the conviction is purported to rest is that of August 24, 1937, 50 Stats. 749. It says nothing specifically of state banks insured by the Federal Corporation. It amends subsection (a) of section 2 of the Act of May 18, 1934, 48 Stat. 783, 12 U.S.C.A. § 588b. This 1934 statute as first enacted did not apply to such state banks. On August 23, 1935, that is before the pertinent amendment of 1937, the first section of the act of 1934 was amended to include them. 12 U.S.C.A. § 588a.

Appellant contends that because the act of 1937 purports to amend the act of 1934 without stating that it is the 1934 act "as amended," the 1937 act does not apply to such state banks. His contention is that the statutes create crimes and must be strictly construed and hence, since it is a possible construction that the act of 1934 when amended in 1937 without reference to its 1935 amendment and without use of the phrase "as amended" means as not amended, that construction must prevail.

Such an argument would have force if this were a case of novel impression. However, the Supreme Court in Blair v. Chicago, 201 U.S. 400, 475, 26 S. Ct. 427, 446, 50 L.Ed. 801, a civil case holding the contrary doctrine that each subsequent amendment of the original statute relates back to that statute, relies on the

decision of the New Jersey supreme court in construing amendments of a statute concerning the crime of rape. The Blair opinion quotes from Farrell v. State, 54 N.J.L. 421, 24 A. 725, stating: "As a rule of construction, a statute amended is to be understood in the same sense exactly as if it had read from the beginning as it does amended. Parsons v. Circuit Judge, 37 Mich. 287. In Conrad v. Nall, 24 Mich. 275, a section in the chapter of the Code was amended, and it was held that it was not intended to operate independently of the other provisions of the chapter, but that the whole chapter, in its present form, must be read as one act. The rule is correctly stated in Endlich on Interpretation of Statutes, § 294, as follows: 'A statute which is amended is thereafter, and as to all acts subsequently done, to be construed as if the amendment had always been there, and the amendment itself so thoroughly becomes a part of the original statute that it must be construed in view of the original statute as it stands after the amendments are introduced and the matters superseded by the amendments eliminated.' "

 We have relied upon these two decisions in a similar holding in McClure v. United States, 9 Cir., 95 F.2d 744, 750. The same principle is applied in Ex parte Segars, 32 Tex.Cr.R. 553, 25 S.W. 26.

The order dismissing the petition is affirmed.