## AUDETT v. UNITED STATES.
### No. 12296.

Circuit Court of Appeals, Eighth Circuit.

Dec. 7, 1942.

Forest W. Hanna, of Kansas City, Mo., for appellant.

Emmet L. Murphy and William H. Meier, Asst. U. S. Attys., and Joseph T. Votava, U. S. Atty., all of Omaha, Neb., for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

The appellant is confined in the federal prison at Alcatraz pursuant to conviction and ten year sentence under the first count of an indictment which charged that he and another "did unlawfully, knowingly and feloniously enter the First State Bank

of Whitman, Nebraska, with the intent then while in said bank and therein to commit the crime of larceny, that is to say, to steal, take, and carry away money belonging to and in the custody of the said State Bank of Whitman", in violation of 12 U.S.C.A. § 588b. He filed a motion in the Nebraska District Court where he was tried and convicted to have the judgment and sentence declared void and vacated, and the court appointed counsel for him in the matter. After full hearing the motion was denied and this appeal is taken in forma pauperis to reverse the order denying the motion.

The motion is prolix and involved but the gist of it is that the indictment did not support or justify the conviction and sentence. None of the evidence is brought up.

It appears that there were two counts, the first charging as above stated, and the second charging that appellant (and the other) "at and within the State Bank of Whitman, an insured bank as described in the First Count, the allegations of which in said First Count are made a part of this count by reference thereto the same 'as if repeated herein, did unlawfully and knowingly take and carry away from within the said bank, with intent to steal and purloin the same, the sum of $1.70 legal tender money of the United States, which belonged to the First State Bank of Whitman." The jury found appellant not guilty on this second count.

The appellant points out that the first count charged entering the bank with intent to steal money of the bank without describing the money and without indicating whether he stole any or not, and the second count charged that while in the bank he stole money of the bank, to-wit $1.70, and the second count incorporated allegations of the first by reference, and so he contends the charge to be deduced from the whole indictment should be that he entered the bank to steal the $1.70 and that while in the bank he stole it. To which charge the jury's verdict of not guilty on the second count ought to be deemed a full acquittal; or else that the charge of entering the bank with intent to steal its money therein (in the words of the statute) attempts to make a crime of a mere mental process; or else that the whole indictment should be found to be so ambiguous and uncertain that the appellant was not constitutionally informed of the nature and cause of the accusation against him.

The arguments that have been developed and elaborated have been considered but appear to us ingenious rather than persuasive.

Section 588b defines and denounces several distinct crimes against banks. Originally it included only crimes of violence against such institutions but by amendment the crime of entering with intent to commit larceny and the crime of committing larceny within the bank of money in its custody have been added and each separately defined and denounced. We think the language of the statute upon which the first count of this indictment was laid sufficiently defines conduct which it is within the province of Congress to penalize. It reads, "Whoever shall enter or attempt to enter any bank * * * with intent to commit in such bank * * * any felony or larceny, shall be fined * * * or imprisoned * * * or both." It is true the word "enter" has a broad range of significance. It may include, as appellant points out, walking in a stream of customers through the front door of the bank in business hours, and also as the district attorney says by way of illustration but probably with more immediate relevance: An entering by two recently released burglar convicts who had "cased" the bank during daylight hours and shortly after dark pried open the back door of the small institution, entered a private office in the back part, dug half way through the vault wall and were caught in the act of boring through the vault door, leaving in their attempted escape numerous burglary tools consisting of a brace, crowbar, a large and a small sledge, large and small punch, wrecking bar, pliers, screw driver and gunny sack. It may be that in a proper case a bill of particulars might be asked for more particular allegation of the manner of entering intended to be proved. But this count of the indictment in the terms of the statute was sufficient.

The charge of the second count was obviously laid under the provision of the section, "Whoever shall take and carry away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $50 belonging to, or in the care, custody, control, management, or possession of any bank, shall be fined not

more than $1,000 or imprisoned not more than one year, or both."

Again the crime was charged in the words of the statute and the count was sufficient. In the first count a paragraph was devoted to description of the Whitman Bank, its incorporation, business and the fact of its insurance, together with reference to relevant provisions of law. In the second count repetition of that paragraph was omitted, but reference to the allegations of the first count was made to supply that omission.

Each of the two counts of the indictment charged a distinct and separate criminal offense under different provisions of the statute. There was no inconsistency in the jury's verdict that the accused feloniously entered the bank with intent to commit larceny of its money and that he was not guilty of stealing the bank's one dollar and seventy cents. Even if there had been inconsistency in the verdict, it would not avail this appellant. Dunn v. United States, 284 U. S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; Foshay v. United States, 8 Cir., 68 F.2d 205; Alford v. United States, 10 Cir., 113 F.2d 885. He is shown by the record here to have been in all respects fairly indicted, tried, convicted and sentenced according to law. His motion presented no substantial ground for relief and the order denying it is

Affirmed.