## STEFFLER v. UNITED STATES.

No. 8571.

Circuit Court of Appeals, Seventh Circuit.

July 17, 1944.

Fred Steffler, in pro. per.

B. Howard Caughran, U. S. Atty., and Paul A. Pfister, Asst. U. S. Atty., both of Indianapolis, Ind., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

On June 28, 1938, appellant pleaded guilty to an indictment in which he was charged with entering a state bank insured with the Federal Deposit Insurance Corporation, with intent to commit larceny. 12 U.S.C.A. § 588b. Upon this plea, the court entered judgment and appellant was sentenced to fifteen years imprisonment. November 4, 1942, appellant moved to vacate the judgment. The court entered an order that the motion be considered as a petition to vacate the judgment, and that the cause be docketed as a civil action and be heard on its merits. October 16, 1943, a jury trial was waived and the case was tried by the court. Appellant submitted evidence in the form of an affidavit. Appellee submitted the records of the District Court in criminal case No. 6856 entitled United States of America v. Fred Steffler, being the case in which the imprisonment sentence was imposed, and the deposition of an assistant United States Attorney. The trial court, acting upon a suggestion contained in the opinion of the Supreme Court in Steffler v. United States, 319 U.S. 38, 39, 63 S.Ct. 948, 87 L.Ed. 1197, made special findings of fact, pronounced its conclusions thereon, and entered an order denying the prayer of the petition. To reverse this order, appellant appeals.

On this appeal the only issue is whether the court erred in imposing the sentence in case No. 6856.

The argument is made that the indictment does not support the judgment and the sentence imposed, because the indictment, without alleging the amount of money attempted to be stolen, charged only entry of the bank with intent to commit larceny.

The indictment charged that the defendant unlawfully, knowingly, and feloniously entered a certain building in the town of Lapel, Indiana, used as a bank by the State Bank of Lapel, a state non-member bank as defined by law, the deposits of which bank were then insured in accordance with the provisions of law by, with, and in the Federal Deposit Insurance Corporation, a corporation organized and existing under the laws of the United States of America, in which corporation the United States owned part of the capital stock, with the intent then and there to commit larceny.

Subsection (a) of § 2 of the Act of May 18, 1934, 48 Stat. 783, as amended by the Bank Robbery statute of August 24, 1937, 50 Stat. 749, 12 U.S.C.A. § 588b, the section upon which the indictment is based, provides in part that "(a) * * * whoever shall enter or attempt to enter any bank, * * * with intent to commit in such bank * * * any felony or larceny, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both; * * *."

This subsection, 12 U.S.C.A. § 588b(a), creates and defines four separate and distinct offenses. The first is an offense in the nature of robbery. The second is an offense in the nature of burglary, entry of a bank with intent to commit a felony or larceny therein, except that forcible entry is not made an element. Alford v. United States, 10 Cir., 113 F.2d 885, 887, and Wells v. United States, 5 Cir., 124 F.2d 334.

The identical contention here made by appellant was made in Audett v. United States, 8 Cir., 132 F.2d 528. In that case defendant was convicted under an indictment similar to the indictment in our case. In arguing for a reversal, he made the point that the indictment charged entering the bank with intent to commit larceny without describing the money and without alleging whether he stole any or not. In disposing of the contention the court said: "We think the language of the statute upon which the first count of this indictment was laid sufficiently defines conduct which it is within the province of Congress to penalize." Page 529 of 132 F.2d. With this interpretation we agree.

The criminal case No. 6856 was based solely upon that portion of the statute which provides that it shall be unlawful for any person to enter a bank with the intent to commit larceny therein. The indictment charged the offense defined by the statute in general terms and no essential element of the offense was omitted. If appellant had any doubt as to the offense, he should have asked for a bill of particulars. United States v. Wernecke, 7 Cir., 138 F.2d 561. He was not misled or in any manner prejudiced because of the form of the indictment. He understood the charge, was advised as to the effect of a plea of guilty and as to the punishment prescribed for the commission of the offense charged, and so stated to the court before pleading to the indictment. He explained fully his in-

tent to burglarize the bank of its funds and then enter a plea of guilty, thus admitting all averments of fact and waiving any defect in form of allegations. Weir v. United States, 7 Cir., 92 F.2d 634, 114 A.L.R. 481. Thus he admitted the commission of an offense against the United States, Jerome v. United States, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640; and Steffler v. Johnston, 9 Cir., 121 F.2d 447, certiorari denied 314 U.S. 676, 62 S.Ct. 187, 86 L.Ed. 541, for which he is liable to punishment not exceeding imprisonment for twenty years. The sentence of fifteen years was in conformity with the statute.

The order of the District Court is affirmed.