**Victor Otto ORESKOVICH and Roger Wayne Williams, Petitioners,**

v.

**UNITED STATES of America, Respondent.**

**No. 60–Cr–173.**

United States District Court E. D. Wisconsin.

Oct. 16, 1961.

James M. Shellow, Milwaukee, Wis., for petitioners.

James B. Brennan, U. S. Atty., by Louis W. Staudenmaier, Jr., Asst. U. S. Atty., Milwaukee, Wis., for respondent.

GRUBB, District Judge.

Petitioners, Victor Otto Oreskovich and Roger Wayne Williams, have moved to vacate and set aside judgment and sentence imposed upon them by this court, pursuant to Section 2255, Title 28 U.S.C.A.

Petitioners were charged in a two-count indictment with conspiracy to violate the bank robbery statute (Count I), and with a violation of said statute, Section 2113(a), Title 18 U.S.C.A. (Count II), in the following words:

> " * * * *did* knowingly, wilfully and unlawfully *attempt to enter* the State Bank of Franksville, Franksville, County of Racine, State of Wisconsin, a banking institution, the deposits of which bank are insured by the Federal Deposit Insurance Corporation, *with the intent to commit in such bank a felony* affecting the said State Bank of Franksville, to-wit, *to take therefrom money* which was in the care, custody, control, management and possession of said bank; all in violation of Section 2113(a), Title 18, United States Code of Laws." (Emphasis added.)

The conspiracy count was dismissed as to petitioner Oreskovich who pleaded guilty to the violation of the bank robbery statute and was sentenced to a term of seven and one-half years thereon. Petitioner Williams pleaded guilty to both counts of the indictment and was sentenced to five years on the conspiracy count and to ten years on the violation of the bank robbery statute, said sentences to be served concurrently.

Petitioners' claims, advanced with unusual skill and proficiency, present novel

questions concerning the interpretation of the bank robbery statute. To insure full presentation of all aspects of their contentions, the court has appointed counsel to represent petitioners in these proceedings in forma pauperis.

Briefly summarized, it is petitioners' contention that the entry declared unlawful in Section 2113(a) of Title 18 U.S.C.A. must be the entering or the attempt to enter a bank in the presence of another other than the accused or his accomplices. They submit that a reasonable construction of the statute requires that the element of occupancy of the bank be imported by implication into the unlawful entry provision. Further, it is contended that any other but petitioners' proposed construction would result in an incongruity of the penalty scheme of the bank robbery statute and of federal crimes generally. It would allegedly permit the imposition of a greater penalty in case of a frustrated crime than is provided for the consummated offense. Further, it would permit the imposition of the severe twenty-year penalty for an offense not involving force or violence.

The applicable provisions of Section 2113, Title 18 U.S.C.A., are as follows:

"§ 2113. *Bank robbery and incidental crimes*

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

"Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,-000 or imprisoned not more than twenty years, or both.

"(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

"Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both."

The first clause of subsection (a) of this statute makes unlawful the forcible taking from the person, or in the presence of another, federally insured money in the custody of a bank or savings and loan association. Further, it declares unlawful the attempt to commit this offense. This crime is commonly referred to as robbery. Jerome v. United States, 1943, 318 U.S. 101, 106, 63 S.Ct. 483, 87 L.Ed. 640; Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370; United States v. Jakalski, 7 Cir., 1956, 237 F.2d 503, 506, certiorari denied 353 U.S. 939, 77 S.Ct. 817, 1 L.Ed.2d 761, rehearing denied 353 U.S. 978, 77 S.Ct. 1061, 1 L.Ed.2d 1139. The entry or attempted entry of a bank or a building so used for the purpose of committing robbery therein is not an element of this offense. See United States v. Jakalski, supra, 237 F.2d at pages 505, 506, which involved the taking of property from the possession of an armored car service employed by a bank.

The second, disjunctive clause of subsection (a) of this statute declares un-

lawful the entry or attempted entry of a bank, savings and loan association, or any "building, or part thereof, so used," with the intent to commit therein a federal felony affecting the bank or savings and loan association, or any larceny. The offense there defined is that commonly called burglary. Jerome v. United States, supra. Respecting the earlier version of the clause, found in substantially similar language in former Section 588b(a) of Title 12 U.S.C.A., it was stated in Steffler v. United States, 7 Cir., 1944, 143 F.2d 772, 773, certiorari denied 323 U.S. 746, at page 773, 65 S.Ct. 73, 89 L.Ed. 597, rehearing denied 323 U.S. 815, 65 S.Ct. 115, 89 L.Ed. 648, as follows:

> "* * * The second is an offense in the nature of burglary, entry of a bank with intent to commit a felony or larceny therein, except that forcible entry is not made an element. Alford v. United States, 10 Cir., 113 F.2d 885, 887, and Wells v. United States, 5 Cir., 124 F.2d 334."

The courts have held that the word "enter" as used in this clause is of broad meaning. In Audett v. United States, 8 Cir., 1942, 132 F.2d 528, on page 529, it is observed as follows:

> "* * * It may include, * * * walking in a stream of customers through the front door of the bank in business hours, and also as the district attorney says by way of illustration but probably with more immediate relevance: An entering by two recently released burglar convicts who had 'cased' the bank during daylight hours and shortly after dark pried open the back door of the small institution, entered a private office in the back part, dug half way through the vault wall and were caught in the act of boring through the vault door, leaving in their attempted escape numerous burglary tools consisting of a brace, crowbar, a large and a small sledge, large and small punch, wrecking bar, pliers, screw driver and gunny sack. * *"

The unlawful entry provisions of subsection (a), together with the offenses now defined in subsection (b) of Section 2113, were enacted as amendments to prior law in response to the request to enlarge the scope of the bank robbery statute to include the crimes of larceny and burglary of banks whose funds were insured by the Federal Deposit Insurance Corporation. House of Representatives Report No. 732, 75th Congress, 1st Session; Senate Report No. 1259, 75th Congress, 1st Session.

Subsection (b) of the bank robbery statute is concerned with theft of federally insured bank funds, or larceny as it is commonly known. Its first clause defines larceny constituting a felony; the second clause defines larceny constituting a misdemeanor. See Section 1, "Offenses classified," of Title 18 U.S.C.A. There is no requirement that larceny be committed by taking from a person or in the presence of another.

Petitioners' theory that the requirement of the presence of another must by implication be imported into the unlawful entry or burglary provision of the statute rests on the erroneous premise that the unlawful entry offense is nothing more than the offense of attempted or frustrated robbery or larceny.

The plain language of the section and its legislative history as discussed above are contrary to this interpretation of the bank robbery statute urged by petitioners. The various acts declared unlawful are set forth clearly and independently. Had Congress intended the unlawful entry provisions merely to serve the purpose of proscribing attempted felonies and larcenies, it would not expressly have declared unlawful the attempted forcible taking or attempted robbery.

There is no interdependence or interrelation between the two disjunctive clauses of subsection (a). Inclusion of robbery and burglary in one subsection of the statute does not support an inference that elements peculiar to one offense, or a degree of aggravation of one offense, must, by implication, be imported into the other. Robbery need not be committed in a bank. Similarly, burglary need not be committed in the presence of an-

other or as to occupied premises to be unlawful under federal law. Petitioners have not shown that the occupancy of the premises to be entered was an element of burglary at common law or as defined in the criminal codes enacted by the states.

Inclusion of the offenses of robbery and burglary in one subsection and subjecting said offenses to equal penalties indicate that Congress considered burglary of banks having custody of federally insured funds as serious a threat to the safety of said funds as that posed by robbery. The varying circumstances comprehended by the broad meaning of the term "enter" attest to the potential degree of seriousness of this offense as being more aggravated than the scope of larceny.

When it is recognized that Congress, by the entering provisions of the second clause of subsection (a), intended to proscribe the serious crime of burglary rather than that of frustrated felonies and larcenies, there is no incongruity in the penalty scheme of the bank robbery statute or other federal crimes. It may be noted that the states also consider the offenses of robbery and burglary of equal gravity. See, for example, Wis.Stats., Sections 943.10 "Burglary" and 943.32 "Robbery," both providing for a ten-year sentence.

For the foregoing reasons, it is the opinion of the court that occupancy of a bank or a building used in part as a bank is not a necessary element of the entry or attempted entry of said premises declared unlawful under Section 2113(a) of Title 18 U.S.C.A. As noted in Steffler v. United States, 7 Cir., 1955, 143 F.2d 772, 773, (citing from Audett v. United States, 8 Cir., 1942, 132 F.2d 528) where the accused was charged, as were petitioners here, with entering a bank with the intent to commit larceny therein—

"'* * * the language of the statute upon which the first count of this indictment was laid sufficiently defines conduct which it is within the province of Congress to penalize.' Page 529 of 132 F.2d. With this interpretation we agree."

By upholding the imposition of greater penalties for unlawful entry violation than for attempted or consummated larcenies committed in connection therewith, other courts have acknowledged the distinction between burglary and attempted larceny and between their respective degrees of aggravation. See LaDuke v. United States, 8 Cir., 1958, 253 F.2d 387; Williamson v. United States, 5 Cir., 1959, 265 F.2d 236; and Hardy v. United States, 8 Cir., 1961, 292 F.2d 192.

The court wishes to commend court appointed counsel, James M. Shellow, for his diligent and able efforts on behalf of petitioners.

The motions to vacate and set aside judgment and sentence imposed upon the petitioners must be and they are hereby denied.