**Lawrence E. DOYLE, Petitioner, Appellant,**

v.

**MASSACHUSETTS LOCAL BOARD NO. 72 et al., Respondents, Appellees.**

No. 71–1358.

United States Court of Appeals, First Circuit.

Nov. 17, 1971.

Robert P. Laramee and Marc N. Sandler, Gloucester, Mass., for petitioner, appellant.

Robert B. Collings, Asst. U. S. Atty., Boston, Mass., for respondents, appellees.

Before ALDRICH, Chief Judge, and McENTEE, Circuit Judge.

MEMORANDUM and ORDER

PER CURIAM.

This case came on for oral argument before the Chief Judge in the matter of the continuance of the temporary stay granted by the district court. After consideration by him and a second judge on briefs the court revokes the stay.

The Draft Extension Act, Public Law 92–129, 85 Stat. 348, 92 Congress, 1st Sess. September 28, 1971, Title I, commences with the following provision,

"Sec. 101.(a) The Military Selective Service Act of 1967, as amended, is amended as follows."

There follow a number of amending provisions. None refer to, or relate to, what was section 20 of the 1948 Act, 50 U.S.C. App. § 470.

Petitioner claims that when Congress extended the power to induct and otherwise amended the Military Selective Service Act of 1967, the provision in § 20 of the original Act, 50 U.S.C. App. § 470, sprang into effect to bar, subject to a condition that has not occurred, any inductions under the amended Act for a period of 90 days.*

Section 20, by its express terms, refers only to the date of enactment of the Selective Service Act itself. 50 U.S.C. App. §§ 451, 453, 455, 456, 458–471. There has been only one enactment of the Selective Service Act, and that was on June 24, 1948. That Act has remained continuously in force, except as amended, from the date of its initial enactment. The 1971 Act, as has been true of all previous amending statutes, does not purport to reenact the basic legislation; nor could it since that legislation has never expired. It simply amended certain provisions of the Act, one of which is section 17(c), 50 U.S.C. App. § 467(c), which had provided that the power to induct terminated on July 1, 1971. We remark, in passing that we find the amendment to section 17(c), extending the power of induction until July 1, 1973, retroactively to July 2, 1971, affirmatively inconsistent with plaintiff's position.

Had Congress wished to impose a moratorium on inductions following the 1971 Act it could have readily done so. It did not; nor is there any legislative history of any such intent. It seems incredible that a purpose to effect such a substantial result should have secretly existed, only to be discovered at this late date by some private attorney.

Before we would entertain so unlikely a result as that urged by the plaintiff, even to the extent of the mildest anticipation of success needed to warrant a stay pending appeal, plaintiff must be able to point to something. The only support he has is a footnoted dictum in an opinion dealing with the 1967 enactments. *See* United States v. Dell'anno, 9 Cir., 1971, 436 F.2d 1198, 1202 n. 3. The court gave no reasoning or authority for this passing observation. If it is correct, some 76,000 inductions, according to respondent's figures, were illegally processed in 1967. Whether these figures are correct, it would certainly be a matter of record if anyone had acted in accordance with, or paid any attention to that dictum. We are quite unpersuaded.

The stay pending appeal granted by the district court is vacated, and not renewed here because we find none is warranted.

---

* Section 20 provides, that, "This title shall become effective immediately; except that unless the President, or the Congress by concurrent resolution, declares a national emergency after the date of enactment of this Act, no person shall be inducted or ordered into active service without his consent under this title within ninety days after the date of its enactment."