Theodore J. WALLY, Appellant,

v.

Curtis W. TARR, Director of Selective Service et al., Appellees.

No. 421, Docket 71-2097.

United States Court of Appeals,
Second Circuit.

Argued Dec. 2, 1971.

Decided Dec. 7, 1971.

York et al, 5th Cir. 1970, 431 F.2d 409, Part I.

---

Barry Satlow, New York Civil Liberties Union, New York City (Michael N. Pollet, New York City, on the brief), for appellant.

Christopher Roosevelt, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. New York, on the brief), for appellees.

Before LUMBARD, WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

We affirm Judge Bonsal's order, in the District Court for the Southern District of New York, which denied Theodore J. Wally's motion for a preliminary injunction to restrain the Director of Selective Service and the Local Board from inducting him into the Army.

Wally argues that section 20 of the Selective Service Act of 1948, as amended, 50 U.S.C. App. § 470, was reenacted in the 1971 Selective Service law of September 28, 1971. P.L. 92–129, 92d Cong., 1st Sess. Section 20 of the 1948 Act provided that "no person shall be inducted or ordered into active service without his consent . . . within ninety days after the date of its enactment," unless a national emergency is declared. Thus Wally argues any induction prior to December 28, 1971 would be void. We find no merit to this contention.

For the reasons indicated by the First Circuit in Doyle v. Massachusetts Local Board No. 72, 451 F.2d 1002, decided November 17, 1971, it is altogether clear that the 1971 statute merely amended the laws relating to selective service; it

did not in any way refer to section 20. There is no support for the claim that, by making amendments in 1971, Congress meant to reenact and reactivate the 90-day provision of section 20. As the First Circuit pointed out, had Congress wished to impose such a moratorium on induction, it surely would have done so in explicit terms. *Accord* Judge Whelan's opinion in Kumley v. California Local Board No. 82, (C.D.Cal.) also decided November 17, 1971, and Avery v. Mills (N.D.Ill.), decided November 22, 1971.