**Raymond Edward BAILEY et al.,
Plaintiffs-Appellants,**

v.

**Curtis W. TARR, etc., et al., Defendants-
Appellees.**

**No. 72-1225.**

United States Court of Appeals,
Ninth Circuit.

Nov. 16, 1972.

Nathan R. Zahm, Sherman Oaks, Cal., Alan Saltzman, Martha Goldin, Hollywood, Cal., Scott J. Tepper, of Margolis, McTernan, Smith, Scope & Sacks, A. L. Wirin, Fred Okrand, L. R. Sperber, Los Angeles, Cal., for plaintiffs-appellants.

William D. Keller, U. S. Atty., Alan W. Peryam, Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before BARNES and TRASK, Circuit Judges, and EAST,* District Judge.

BARNES, Circuit Judge:

This appeal is brought by Selective Service registrants who were ordered to report for induction into the Armed Forces of the United States during the period September 28, 1971, and December 27, 1971. The complaint was filed below on behalf of the named appellants and all those similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class is defined as " . . . each and every Selective Service registrant registered with a California local board located within this district (Central District of California) who since September 28, 1971, and prior to December 27, 1971, has been ordered to report for induction at the Los Angeles Armed Forces Examining and Entrance Station . . . " [C.T. at 5]. The appellees are the National Director of the Selective Service System, the State Director of the Selective Service System, the Deputy Director of the Selective Service System, and local boards within the Central District of California.

The complaint was filed below pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1361. It sought injunctive and declar-

* The Honorable William G. East, United States District Judge, District of Oregon, sitting by designation.

atory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Venue on defendant-appellee Tarr was predicated on 28 U.S.C. § 1391(e)(2).

At issue is the effect of the Military Selective Service Act, 50 U.S.C. App. § 470 (1971) on Section 20 of the Selective Service Act of 1948, 62 Stat. 604 (June 24, 1948). Based upon its legislative history and limited case materials, appellants argue that a 90 day moratorium on all inductions was created when the Amendments to the Military Selective Service Act of 1967 were signed into law by the President on September 28, 1971; and that by virtue of the moratorium, all induction orders during the 90 day period are void, and should, therefore, be cancelled. The district court gave judgment for the defendants. Our jurisdiction rests on 28 U.S.C. § 1291.

The facts are undisputed. The appellants were issued orders to report for induction on various dates within the period of September 28, 1971, and December 27, 1971. Section 20 of the original Act provided for a 90 day moratorium (to permit voluntary enlistment before the draft became effective). It was part of the Selective Service Act of 1948, 62 Stat. 604 (June 24, 1948). It has remained materially unchanged since its original enactment, although certain portions of the body of the Act have been changed in the years 1951, 1967, and 1971. The 90 day moratorium was observed on only one occasion: after the original Act's enactment in 1948.

This complaint was filed in the district court on November 22, 1971. On the following day, November 23, the district court denied appellants' request for a temporary restraining order. On November 24, the two judges of this Court granted the temporary stay of induction. This Court heard oral argument on appellants' motion for a stay pending appeal. On November 30, 1971, appellants' motion for stay was denied and the court granted appellees' motion for summary affirmance of the district court's denial of temporary injunctive relief. From this order the appellants made application to Justice Douglas, Circuit Justice, for stays of induction. On December 1, 1971, the application was granted and appellants' inductions were stayed pending a decision on the merits by the district court. Appellees brought on a motion for dismissal in the district court. The motion was granted, with a decision on the merits.

The orders to report for induction for six of the seven named appellants were cancelled and reissued after the 90 day period. The order for appellant Bailey was postponed only because he had a student deferment. Therefore, only Bailey, of the individual plaintiffs (and the class he represents), is a proper party before this Court.

The sole issue now presented is whether § 20 of the Military Selective Service Act "prohibits the issuance of all induction orders for a period of ninety (90) days from September 28, 1971, the effective date of enactment of said 1971 Act?" (Appellant's brief at 1). In short, was § 20 reenacted in 1971 to create an additional 90 day moratorium?

Appellees allege that 50 U.S.C. App. § 460(b)(3) precludes judicial review of their induction orders. That section provides in pertinent part:

"No judicial review shall be made of the classification or processing of any registrant . . . except as a defense to a criminal prosecution . . . after the registrant has responded either affirmatively or negatively to an order to report for induction . . ." *Id.*

Appellants have not sought review of their classification or processing, but the validity of appellees' power to issue the induction orders. We hold § 460(b)(3) is inapplicable.

The Act, as codified, included a date inserted before the moratorium provision. Section 20 appears in 50

United States Code Annotated, as follows:

§ 470.   Effective date

"This title [sections 451, 453, 454, 455, 456 and 458–471 of this Appendix] shall become effective immediately; except that unless the President, or the Congress by concurrent resolution, declares a national emergency after the date of enactment of this Act [June 24, 1948], no person shall be inducted or ordered into active service without his consent under this title [said sections] within ninety days after the date of its enactment."

The date, however, was not included in the original Act. 62 Stat. 627 (June 24, 1948) appears as follows:

Effective Date

"Sec. 20.   This title shall become effective immediately; except that unless the President, or the Congress by concurrent resolution, declares a national emergency after the date of enactment of this Act, no person shall be inducted or ordered into active service without his consent under this title within ninety days after the date of its enactment. The Secretary of the Army, for the Army and the Air Force, and the Secretary of the Navy, for the Navy and Marine Corps, are hereby authorized and directed to initiate and carry forward an intensified voluntary enlistment campaign in an effort to obtain the required personnel strengths."

Neither party denies the unofficial nature of the date in 50 U.S.C. § 470. The division occurs on whether or not the exclusion of the date, or the lack of any precise indication that the moratorium was to apply only to the original enactment of the Act, had the effect of creating a new 90 day period each time the Military Selective Service Act was amended.

Appellants argue that the 1971 Act had the effect of "pulling forward" all previous sections of the Military Selective Service Act, thereby "reenacting" the older provisions with the new ones. They rely on a rule of construction adopted by the Supreme Court. Blair v. Chicago, 201 U.S. 400, 26 S.Ct. 427, 50 L.Ed. 801 (1906):

"As a rule of construction, a statute amended is to be understood in the same sense exactly as if it had read from the beginning as it does as amended." (Citing Farrell v. State, 54 N.J.L. 421, 24 A. 725 (1892). 201 U.S. at 475.

The appellees do not deny the validity of this rule, but deny its application to the case at bar. They argue that appellants' line of reasoning obfuscates the Congressional intent. That is to say, that the 1971 Act was purely intended to amend the law, as it then existed. The preliminary wording of the 1971 Act appears as follows: (Footnote references omitted.)

"An Act to amend the Military Selective Service Act of 1967; to increase military pay; to authorize military active duty strengths for fiscal year 1972; and for other purposes." (Emphasis added.)

If this Court were inclined to follow appellants' argument, we would first have to ask why the amendments to the Military Selective Service Act in 1951 and 1967 did not also include the 90 day moratorium of the 1948 Act. Since no moratorium was observed, we would then ask why Congress, if it intended an additional 90 day moratorium, and found that none had been observed when the two previous amendatory acts were passed, did not explicitly provide for one in the 1971 Act?

The conclusion is inescapable that no moratorium was intended, or granted in 1971, and this court can not impose one.[1]

The judgment of the district court dismissing the action and rendering judgment on the merits to the defendants-appellees is affirmed.

1. *Cf.* the Order by a panel of this Court, filed November 30, 1971, in our cases Nos. 71–2810, 71–2822, 71–2823, 71–2824, 71–2874 and 71–2878, which involved the same questions herein decided.