469 F.2d 1087
 Robert E. McGREW, Plaintiff-Appellant,
v.
Curtis W. TARR, Director Selective Service System, et al.,
Defendants-Appellees.
Frank M. VALDEZ, on behalf of himself and all other
Selective Service Registrants similarly situated,
Plaintiffs-Appellants,
v.
CALIFORNIA SELECTIVE SERVICE LOCAL BOARD NO. 44, Curtis W.
Tarr, National Director of the Selective Service
System, Defendants-Appellees.
 Nos. 71-2925, 71-2914.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 27, 1972.
 
 Paul N. Halvonik, Charles C. Marson, Joseph Remcho, ACLU, Stanley J. Friedman, Paul Sloan, San Francisco, Cal., for plaintiffs-appellants.
 James L. Browning, U. S. Atty., Chester Moore, Fred Tilton, F. Steele Langford, Asst. U. S. Attys., San Francisco, Cal., for defendants-appellees.
 Before DUNIWAY and TRASK, Circuit Judges, and BURNS, District Judge.*
 PER CURIAM:
 
 
 1
 In each of these cases the appellant below sought an injunction restraining the defendants from enforcing his induction into the armed services. They were consolidated and upon consideration the court rendered its Memorandum Decision denying injunctive relief. These separate appeals are from that order. We affirm in each case.
 
 
 2
 Appellants contend that certain 1971 amendments to the Selective Service Act[1] reenact section 20 of the Military Selective Service Act of 1948, 50 U.S.C. App. Sec. 470, so that the ninety-day moratorium of section 20 is also applicable under the 1971 amendments. Appellants therefore urge the court to hold that their induction orders issued within the ninety-day period following enactment of the amendments are illegal. We are convinced otherwise and have so held. Bailey v. Tarr, 469 F.2d 409 (9th Cir. 1972). See Doyle v. Massachusetts Local Board No. 72, 451 F.2d 1002 (1st Cir. 1971).
 
 
 3
 McGrew urges an additional argument not presented in the Valdez appeal. He contends that the authority to process appellant for induction lapsed when the power to induct under section 17(c) expired on July 1, 1971.[2] He contends, therefore, that the action taken by the appeal board on August 18, 1971, denying his appeal of a conscientious objector claim, was a nullity. We disagree.
 
 
 4
 The amendment to section 17(c) extending the power of induction until July 1, 1973, though enacted September 28, 1971, was made retroactive to July 2, 1971.[3] Thus under the specific terms of the amendment, there was no lapse in the power to induct.
 
 
 5
 Furthermore, the basic selective service legislation had not expired on July 1, 1971; only the power to induct. Doyle v. Massachusetts Local Board No. 72, supra. The appeal board's decision on August 18, 1971, was rendered under the authority provided under section 10(b)(3), 50 U.S.C. App. Sec. 460(b)(3), empowering the President
 
 
 6
 "[T]o create and establish within the Selective Service System civilian local boards, civilian appeal boards, and such other civilian agencies, including agencies of appeal, as may be necessary to carry out its functions with respect to the registration, examination, classification, selection, assignment, delivery for induction, and maintenance of records of persons registered under this title . . ."
 
 
 7
 Thus local boards and appeal boards were continuously authorized to process registrants prior to induction even if the power to induct had terminated. The appeal board's action in appellant's case is not subject to challenge for lack of statutory authority.
 
 
 8
 Affirmed.
 
 
 
 *
 Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 Military Selective Service Act, Pub.L. No. 92-129, Title I, Sec. 101(a), 85 Stat. 348
 
 
 [2]
 50 U.S.C. App. Sec. 467(c) (1970), as amended, 50 U.S.C. App. Sec. 467(c) (Supp. I, 1971)
 
 
 [3]
 Military Selective Service Act, Pub.L. No. 92-129, Title I, Sec. 101(a)(35), 85 Stat. 353, amending 50 U.S.C. App. Sec. 467(c) (1970)